Ouyang v. Sessions

BIA
Laforest, IJ
A099 156 149

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of March, two thousand seventeen.

PRESENT:
BARRINGTON D. PARKER,
REENA RAGGI,
DENNY CHIN,
*Circuit Judges.*

_____

JUNMING OUYANG,
*Petitioner,*

v.                                                         16-636
                                                           NAC

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Joshua Bardavid, New York, N.Y.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; Cindy S.
                       Ferrier, Assistant Director; Sunah
                       Lee, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED for lack of jurisdiction.

Petitioner Junming Ouyang, a native and citizen of China, seeks review of a February 5, 2016, decision of the BIA affirming an October 3, 2014, decision of an Immigration Judge ("IJ"). *In re Junming Ouyang*, No. A099 156 149 (B.I.A. Feb. 5, 2016), *aff'g* No. A099 156 149 (Immig. Ct. N.Y. City Oct. 3, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, Ouyang has abandoned review of the BIA's 2016 decision by failing to challenge it in her brief. Her sole challenge on appeal is to the BIA's determination in its 2013 decision that she did not establish extraordinary circumstances to excuse the untimely filing of her asylum application. Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005).

An asylum application must be filed within one year of an applicant's arrival in the United States, absent changed or extraordinary circumstances. 8 U.S.C. § 1158(a)(2)(B), (D).

2

Under § 1158(a)(3), we generally lack jurisdiction to review the agency's findings regarding changed or extraordinary circumstances; however, we have jurisdiction to review "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). To ascertain whether a petitioner raises constitutional challenges or questions of law over which we have jurisdiction, we must "study the argument[] asserted [and] . . . determine, regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual finding or justification for the discretionary choices, in which case the court would lack jurisdiction." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).

Ouyang's assertion that the BIA engaged in impermissible factfinding is contradicted by the record and merely employs the rhetoric of a question of law to challenge the correctness of the BIA's discretionary determination that she failed to establish extraordinary circumstances. *See id*. Although Ouyang argues that the BIA improperly rejected the IJ's finding that she did not realize she was out of status while her application for adjustment of status was pending between 2004 and 2008, the BIA did not rely on any facts that the IJ had not

3

already found.  The BIA determined that Ouyang did not establish extraordinary circumstances because she did not apply for asylum until nearly 5 years after her status lapsed, which was entirely consistent with the IJ's finding that Ouyang was out of status between 2004 and 2008.  Although the IJ appears to have concluded that Ouyang established exceptional circumstances when she was out status from 2004 to 2008, based on the pursuit of her application for adjustment of status, the BIA disagreed and was free to do so.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 154 (2d Cir. 2006) ("The plain language of the statute specifically provides that 'changed' or 'extraordinary' circumstances must be established '*to the satisfaction of the Attorney General*,'—language that 'clearly entrusts the decision to the Attorney General's discretion.'" (internal citations omitted)), *amended in part on reh'g on other grounds*, 471 F.3d 315 (2d Cir. 2006); *see also Noble v. Keisler*, 505 F.3d 73 (2d Cir. 2007) (holding that the BIA has the authority to reach a different result on discretion than that reached by the Immigration Judge).  Because Ouyang's sole argument is merely a challenge to the BIA's discretionary finding that she failed to establish extraordinary

4

circumstances, we lack jurisdiction over her petition for review.

For the foregoing reasons, the petition for review is DISMISSED for lack of jurisdiction. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5